UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| EDEN GARLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:18-CV-277-HSM-HBG |
| | ) | |
| ROCKFORD MANUFACTURING CO., | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral Order [Doc. 30] of the District Judge.

Now before the Court is Plaintiff's Motion for Sanctions [Doc. 29]. The parties appeared before the Court on August 16, 2019 to address the Motion. Attorney James Friauf appeared on behalf of Plaintiff, while Attorney Joseph Costner appeared on behalf of Defendant. Accordingly, for the reasons more fully set forth below, the Court **RECOMMENDS** that Plaintiff's Motion [**Doc. 29**] be **DENIED**.

## I.  POSITIONS OF THE PARTIES

Plaintiff moves [Doc. 29] this Court to sanction Defendant due to an alleged failure to participate in mediation in good faith. Plaintiff previously filed a Motion to Compel Mediation [Doc. 23] on May 6, 2019, and the Court ordered the parties to mediate and referred the matter to a private mediator [Doc. 26]. In this Order, the Court directed the parties to participate in the mediation in good faith. [*Id.* at 2]. The parties subsequently conducted a mediation with Mediator Michael Russell on July 9, 2019. However, Plaintiff asserts that Defendant failed to participate in

the mediation in good faith after Defendant failed to respond to Plaintiff's settlement demand or provide a counter offer. Further, Plaintiff claims that Ernest Koella, Defendant's sole shareholder and representative at the mediation, was absent for approximately one hour of the three-hour mediation. Plaintiff also seeks her expenses, including reasonable attorney's fees, for participating in the mediation and filing the present motion.

Defendant filed a Response [Doc. 32] in opposition to Plaintiff's motion. Defendant notes that it previously filed a Response in opposition to Plaintiff's Motion to Compel [Doc. 24], stating that "the Defendant does not believe it can state that mediation has a likelihood of success in this case." [*Id.* at 1]. Defendant maintains that it's representative at the mediation, Mr. Koella, had the full authority to resolve the case, but had to briefly leave the mediation to attend to a medical appointment for his wife. However, Defendant claims that Mr. Koella was in phone contact with counsel participating in the mediation during his absence. Defendant states that the decision to not make a counter offer was not made prior to mediation, and that Defendant participated in the mediation by discussing aspects of the case with the mediator.

## II.    ANALYSIS

Plaintiff seeks sanctions pursuant to Federal Rule of Civil Procedure 16(f) for Defendant's alleged failure to participate in the mediation in good faith. Rule 16(f) provides that the Court may impose sanctions:

> On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:
>
> > (A) fails to appear at a scheduling or other pretrial conference;
> > (B) is substantially unprepared to participate--or does not participate in good faith--in the conference; or
> > (C) fails to obey a scheduling or other pretrial order.

2

Fed. R. Civ. P. 16(f)(1). Therefore, the question before the Court is whether the alleged conduct by Defendant constitutes a failure to participate in the mediation in good faith.

At the outset of this analysis, the Court recognizes that mediations occur through different paths. Moreover, the particular pathway which the parties take to a mediation often frames the expectations of the parties for the mediation, which in turn may inform one party's opinion as to whether the opposing party is mediating in good faith.

For example, in one scenario, both parties in a litigation might confer and agree that the matter is appropriate for a mediation. The parties engage a private mediator and hold the mediation, all without the involvement of the Court. In such a scenario, the reasonable expectation of each party is that the opposing party would make offers, and counter-offers, and otherwise negotiate toward a settlement, even if a settlement is not ultimately reached. If in that scenario one party declined to make any offer, or counter-offer of settlement, or did not bring to the mediation a person with the authority to settle the case, a finding of mediating in bad faith might be warranted.

In the present case, however, the parties' path to mediation is different. The parties never agreed to mediate. Plaintiff filed a motion asking the Court to compel Defendant to mediate. [Doc. 23]. Defendant responded by filing what, in effect, was an understated objection to the motion— and to compelled mediation—saying ". . . the Defendant does not believe it can state that mediation has a likelihood of success in this case." [Doc. 24 at 1].

The reasonable expectations of a party for a mediated settlement must be commensurate with the opposing party's willingness to negotiate, and whether the opposing party is being compelled by the Court to mediate. Therefore, the Court has a lesser definition of good faith participation when a party is compelled by the Court to participate in mediation, and has previously

3

stated its objections to entering mediation. While the party is still required to ensure that an individual with the authority to resolve the case is present, and may not categorically refuse to participate in the mediation, the Court cannot mandate that a party makes a settlement offer, or counter-offer. The Court, however, notes the "indispensable" role that mediation plays in managing the federal court docket, and that "[e]ven if the parties' dispute is not settled during the mediation process, mediation often forces the parties to reevaluate their claims and positions and serves to narrow and clarify issues." *See Smith Wholesale Co. v. Philip Morris USA Inc.*, No. 2:03-CV-221, 2005 WL 2030655, at *2 (E.D. Tenn. Aug. 23, 2005).

Here, while Defendant did not make any settlement offer during the mediation, the Court does not find that the Defendant failed to participate in the mediation in good faith. The Court cannot require parties to make a settlement offer or provide a counter-offer to the opposition's settlement demand. *See Tuscola Wind III, LLC v. Almer Charter Twp.*, No. 17-CV-10497, 2018 WL 1250476, at *10 (E.D. Mich. Mar. 12, 2018) ("Federal courts 'have no authority to force a settlement.'") (quoting *Goss Graphics Sys., Inc. v. DEV Indus., Inc.*, 267 F.3d 624, 627 (7th Cir. 2001)). Similarly, Plaintiff's counsel stated that he expected this case to settle in mediation because the deadline for filing dispositive motions had passed without the filing of a motion for summary judgment by either party. However, the Court cannot dissuade parties from intending to proceed to trial.

A significant body of relevant case law on the requirements of participating in a mediation in good faith does not exist in this District. The Court, however, notes a recent opinion from Chief District Judge Reeves finding a lack of good faith where the defendants participated in the mediation without any individual present with the authority to contribute toward a settlement, and failed to notify the Court that a mediation was premature. *See S.P. et al. v. Knox Cty. Bd. of Educ.*,

4

No. 3:17-cv-100, --- F. Supp. 3d ---, 2019 WL 2110516, at *5 (E.D. Tenn. May 14, 2019). In the present case, Defendant's sole shareholder, Mr. Koella, participated in the mediation, and had the full authority to settle this case. Although the Court admonishes counsel in the future that those with the authority to settle the case should be present for the entire mediation, the Court notes that Defendant stated that Mr. Koella was in telephone contact with counsel during his absence.

"If a party dramatically changes its settlement position after agreeing to negotiate but does not inform the other party, they may not have participated in the settlement conference in good faith." *Tuscola Wind III, LLC*, 2018 WL 1250476, at *10 (citing *Koehn v. Tobias*, 866 F.3d 750, 753 (7th Cir. 2017)). However, Defendant previously notified the Court that it did not believe that mediation would be successful, and the Court accepts Defendant's representation that the decision to not make a settlement offer was not made prior to beginning mediation. If Defendant had stated that it determined prior to mediation that it would refuse to participate in the mediation or make a settlement offer, and failed to communicate this decision to opposing counsel and the Court, then it could be found that they failed to participate in the mediation in good faith. *See, e.g.*, *Smith Wholesale Co.*, 2005 WL 2030655, at *2 (initially finding the obligation to participate in mediation in good faith was violated when the defendant attended the settlement conference despite the obvious high unlikelihood of settlement and failed to notify the Court, but vacating the order on reconsideration after finding both parties were at fault); *but see Adams v. Corr. Corp. of Am.*, No. 1:10–CV–259, 2011 WL 4974198, at *3 (M.D. Pa. Oct.19, 2011) ("In contrast, where a party's conduct consists of simply adopting a fixed, inflexible position in settlement talks, and that fixed position is timely communicated to others, sanctions are not appropriate since sanctions cannot be used as a vehicle for pressing parties to surrender honestly held convictions on the merits of litigation.").

Therefore, the Court does not find that Defendant failed to participate in the mediation in good faith. Defendant stated that it was prepared to explore settlement during mediation, and discussed its position with the mediator, but ultimately chose not to make a settlement offer. Defendant was required to participate in the mediation in good faith—not to successfully mediate the case. Thus, the Court finds that sanctions are not appropriate.

## III.  CONCLUSION

Accordingly, for the reasons more fully set forth above, the Court **RECOMMENDS**[1] that Plaintiff's Motion for Sanctions [**Doc. 29**] be **DENIED**.

Respectfully submitted,

_Bruce Guyton_
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).